**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PROMOTE INNOVATION LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:10-CV-121-TJW-CE |
| | § | |
| RANBAXY LABORATORIES INC. | § | |

**REPORT AND RECOMMENDATION**

**I.   Introduction**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.  Pending before the court is the defendant Ranbaxy Laboratories, Inc.'s ("Ranbaxy") motion to dismiss (Dkt. No. 8) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(1), 12(b)(6).  Ranbaxy argues that the plaintiff Promote Innovation LLC's ("Promote") complaint for false patent marking should be dismissed because (1) Promote lacks standing; (2) the failure to remove an expired patent from a product is not false marking; (3) Promote's complaint fails to properly plead intent; and (4) Promote fails to properly plead that the alleged false marking was used in advertising.  For the reasons stated below, the undersigned recommends DENYING Ranbaxy's motion to dismiss, and instead granting the plaintiff a limited time to amend its pleading.

**II.   Standing**

First, Ranbaxy contends that the plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Promote lacks standing to bring the false marking claim. According to Ranbaxy, Promote lacks standing because it has not alleged that the federal government has suffered an injury in fact.

35 U.S.C. § 292(a) prohibits marking unpatented articles with a patent number for the

purpose of deceiving the public. "Any person" may sue a party who violates § 292(a). 35 U.S.C. § 292(b). Thus, § 292 is a *qui tam* statute. *Pequignot v. Solo Cup Co.*, 2010 WL 2346649, at *2 (Fed. Cir. June 10, 2010).

One of Article III's standing requirements is that the plaintiff must have suffered an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury suffered by the United States' government suffices to confer standing on a *qui tam* plaintiff. *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 774 (2000).

Promote's complaint fails to allege that the United States has suffered any injury due to Ranbaxy's alleged false marking. *Compare* (Dkt. No. 1), *with Vermont Agency of Natural Res.*, 529 U.S. at 771 ("It is beyond doubt that the complaint asserts an injury to the United States."), *and* Amended Complaint at 11, *Pequignot v. Solo Cup Co.*, No. 1:07-cv-897 (E.D. Va. Dec. 21, 2007), ECF. No. 2 ("SOLO CUP's marking . . . has quelled competition with respect to the identified products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined."). Because Promote fails to allege an injury in fact, the plaintiff has not demonstrated that it has standing to sue Ranbaxy. The undersigned recommends granting leave for the plaintiff to file an amended complaint that sufficiently alleges standing. *See Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981) (holding that 28 U.S.C. § 1653, which permits amendments to cure defective allegations of jurisdiction, should be liberally construed). If, on the other hand, Promote fails to cure the standing defect, the undersigned recommends granting Ranbaxy's motion to dismiss.

### III. Marking Articles with Expired Patents

Second, Ranbaxy argues that Promote's complaint must be dismissed for failure to state a claim because, according to Ranbaxy, marking a product with an expired patent is not a violation of § 292. The Federal Circuit recently addressed and rejected Ranbaxy's argument in *Pequignot v. Solo Cup Co.*, 2010 WL 2346649. "We agree with [the plaintiff] that an article covered by a now-expired patent is 'unpatented.' . . . [M]any of the same public policies apply to falsely marked products with inapplicable patent numbers and expired patent numbers. . . . In sum, . . . articles marked with expired patent numbers are falsely marked." *Id.* at *5-6. Thus, the undersigned does not recommend dismissing Promote's complaint on the basis that it alleges marking with expired patents.

### IV. Pleading Intent

Third, Ranbaxy asserts that the plaintiff's complaint must be dismissed pursuant to Rule 12(b)(6) because the complaint fails to sufficiently plead intent to deceive the public. Promote's complaint states in part:

> Defendant has modified the package inserts for the Exelderm products after [the patent] expired. . . . Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits. . . . Defendant knows that a patent that is expired does not cover any product. . . . [D]efendant has violated section 292 of the Patent Act by falsely marking its products with an intent to deceive the public.

(Dkt. No. 1, at 2). According to the defendant, Promote's complaint fails to allege intent to deceive the public with the specificity required by Rule 9(b).

It is unclear whether Rule 9(b)'s heightened pleading standard applies to false marking claims. *See Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, 2010 WL 2640137, at *1 (M.D. Fla. June 30, 2010) (holding that the Rule 9(b) pleading standard applies to false marking claims);

3

*Simonian v. Cisco Sys., Inc.*, 2010 WL 2523211, at *3 (N.D. Ill. June 17, 2010) (same); *Juniper Networks v. Shipley*, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) (same); *but see Astec Am., Inc. v. Power-One, Inc.*, 2008 WL 1734833, at *12 (E.D. Tex. Apr. 11, 2008) (limiting Rule 9(b) to allegations of fraud and mistake); *Third Party Verification, Inc. v. SignatureLink, Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (holding that Rule 8(a)'s pleading requirement applies); *see generally Song v. PIL, LLC*, 2010 WL 1541304, at * (N.D. Ill. Apr. 14, 2010) (noting the split among courts); *Brinkmeier v. Graco Children's Prods. Inc.*, 684 F. Supp. 2d 548, 553 (D. Del. 2010) (stating that the parties dispute whether Rule 8(a)'s or Rule 9(b)'s pleading requirements apply). After considering the cases cited above, the undersigned is persuaded by Judge Love's analysis in *Astec America*. In that case, Astec's complaint for false marking contained the following statement regarding deceptive intent: "Power-One's false marking was done without a good faith basis to believe that its marked products were covered by the patent numbers marked on the products and therefore was deliberate and executed with an intent to deceive the public." Complaint at 3, *Astec Am.*, No. 6:07-cv-464 (E.D. Tex. Oct. 4, 2007), ECF. No. 36, Ex. 1. Power-One moved to dismiss the complaint for failure to plead deceptive intent with specificity. *Astec Am.*, 2008 WL 1734833, at *12. The court rejected Power-One's argument and explained:

> [C]ourts have generally interpreted the scope of Rule 9(b) as limited to allegations of fraud and mistake. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts."). Furthermore, assuming that a false marking claim must be pled with particularity, Power-One seeks identification of who falsely marked the products with deceptive intent. Astec has identified in its Complaint that Power-One is the corporate entity responsible for Astec's false marking claim. Greater specificity is not necessary at this early stage of the proceedings.

*Id.* Likewise in this case, Promote alleges that Ranbaxy was the party who marked the Exelderm products, Ranbaxy knew its patent was expired, and Ranbaxy acted with intent to deceive the public. As such, the undersigned does not recommend dismissing Promote's complaint on the basis that it fails to properly plead intent.

**V.    Pleading Use in Advertising**

Fourth, Ranbaxy asserts that the complaint must be dismissed because it fails to plead that the alleged false marking was used in advertising. The defendant provides no explanation why Promote must plead that the mark was used in advertising. Section 292(a) states that "[w]hoever marks upon, *or* affixes to, *or* uses in advertising" a patent number on an unpatented article is liable for false marking. (emphasis added). Promote is not required to allege any use in advertising–an alleged false marking on the product itself is sufficient. Therefore, the undersigned does not recommend dismissing Promote's complaint on the basis that it does not plead use in advertising.

**VI.    Conclusion**

The undersigned concludes that Promote's complaint states a claim upon which relief may be granted because it alleges that the defendant marked its products with expired patents, pleads intent with sufficient specificity, and asserts that the alleged false mark was placed on the products. But the complaint fails to plead an injury in fact, and thus does not allege that Promote has standing. The undersigned recommends DENYING the motion to dismiss, however, and instead granting leave for the plaintiff to amend its pleading to clearly allege an injury in fact. Promote's amended complaint shall be filed within seven days of any order adopting this report and recommendation. If Promote fails to amend its complaint to demonstrate standing, however, the undersigned recommends granting Ranbaxy's motion to dismiss.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court.  Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 14th day of July, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE